YEE & KAWASHIMA LLLP

JARED N. KAWASHIMA          6289
CHRISTIN D. W. KAWADA    10038
1000 Bishop Street, Suite 908
Honolulu, Hawaii 96813
Phone: (808) 524-4501
Facsimile: (888) 524-0407
Email: jared@yklawhawaii.com
          christin@yklawhawaii.com

Attorneys for Plaintiffs
HAWAII INSULATORS TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HAWAII INSULATORS SUPPLEMENTAL PENSION TRUST; HAWAII INSULATORS TRAINING TRUST; HAWAII INSULATORS SUPPLEMENTAL UNEMPLOYMENT BENEFITS TRUST; HAWAII INSULATORS VACATION & HOLIDAY TRUST; HAWAII INSULATORS PENSION TRUST; HAWAII INSULATORS HEALTH AND WELFARE TRUST, | ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL NO. <br><br> COMPLAINT; SUMMONS |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| A'S INSULATION, INC., a Hawaii Corporation; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE GOVERNMENTAL AGENCIES 1-10, DOE TRUSTS 1-10, | ) ) ) ) ) ) ) | (Caption continued on next page) |

|  |  |
|---|---|
|                     Defendants. | ) ) ) |

## COMPLAINT

COMES NOW Plaintiffs above named by and through their attorney, Yee & Kawashima, LLP, and for Complaint against the Defendants above named allege and aver as follows:

1.  Plaintiffs are the Trustees of the HAWAII INSULATORS PENSION TRUST, HAWAII INSULATORS SUPPLEMENTAL PENSION TRUST, HAWAII INSULATORS HEALTH AND WELFARE TRUST, HAWAII INSULATORS SUPPLEMENTAL UNEMPLOYMENT BENEFITS TRUST, HAWAII INSULATORS TRAINING TRUST, and HAWAII INSULATORS VACATION TRUST (hereinafter collectively referred to as "Trust Funds").

2.  This action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears.  Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§ 1145 and 1132(a) and (f).

3. At all times relevant herein, each of the above-named Trust Funds was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii.  At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to the Labor-Management Relations Act and a multiple employer benefit plan within the meaning of Sections 3 and 4 of the Employee Retirement Income Security Act (29 U.S.C. §§ 1002 and 1003).

4. At all times relevant herein, Defendant A's Insulation, Inc. (the "Corporation"), was a Hawaii domestic profit corporation doing business in the City and County of Honolulu, State of Hawaii.

5. Defendants John Does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10, Doe Governmental Agencies 1-10, and Doe Trusts 1-10 are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Trust Funds except that they are connected in some manner with the named Defendants and/or were the agents, servants, employees, employers, representative, co-venturers, associates of the named Defendants and/or were in some matter presently unknown to the Trust Funds engaged in the activities alleged herein and/or were in some manner responsible for the injuries or damages to the Trust Funds. Trust Funds have made a diligent effort to ascertain the true names, identities, capacities, activities and/or responsibilities of said

unidentified Defendants but have been unable to do so to date. Trust Funds pray for leave to insert herein Defendants' true names, identities, capacities, activities and/or responsibilities when the same are ascertained.  Trust Funds have made a diligent and good-faith effort to ascertain the full name, identity, and interest in this action of Defendants John Does 1-10, Jane Does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10, Doe Governmental Agencies 1-10, and Doe Trusts 1-10 including, but not limited to, investigative efforts to locate witnesses and other persons who may have knowledge of, or contributed to causing the injuries or damages to the Trust Funds, and to identify their roles with respect to same.

6. A's Insulation, Inc., agreed to abide by all terms and conditions of the "Agreement By and Between Local 132 of the International Association of Heat and Frost Insulators and Allied Workers Union (AFL-CIO) and Pacific Insulation Contractors Association" effective March 2, 2014 to and including September 4, 2021 (the "Agreement").  The Agreement and terms therein are hereby incorporated by this reference.

7. The Agreement incorporated by reference trust agreements for Trust Funds.  The terms of the trust agreements are incorporated herein by reference.

8. Trust Funds are third party beneficiaries of the Agreement.

## COUNT I (Records)

9. By agreeing to abide by such Agreement and the various trust agreements, Corporation agreed to be bound by all the terms of the Agreement and is specifically required to do the following:

    (a) To submit for each month a report stating the names, social security numbers, and number of hours worked in such month by each and every person on whose behalf contributions are required to be made by defendant to plaintiffs, or if no such persons are employed, to submit a report so stating;

    (b) To accompany the above reports with payment of contributions based upon an hourly rate as stated in the applicable collective bargaining agreement or agreements;

    (c) To compensate plaintiffs for the additional administrative costs and burdens imposed by delinquency or untimely payment of contributions by way of the payment of liquidated damages in the amount of 10% of any and all contributions which are not received by plaintiffs for a particular month prior to the last day of the succeeding month;

10. By agreeing to abide by such Agreement, Corporation promised to submit to periodic payroll audits and to provide business records in conjunction with the audit.

11. Upon information and belief, the auditor noted 28 weeks of payroll reports not submitted for the time period covering March through November 2018.

12. Upon information and belief, payroll reports were discovered on the Corporation's computer for 3 of the 28 weeks in which no reports were submitted and showed employee hours worked that were not previously reported.

13. Upon information and belief, there are 25 weeks of payroll reports

which have still not been provided.

14. Despite formal demand, the Corporation failed to provide documents necessary to complete the audit including a detailed check register for the period March through November 2018, including all payments, complete income statements and balance sheets that includes all cash flow for the period March through November 2018, completed IRS Form 1099's and Form 1096's for 2018, signed quarterly 941's for 2nd, 3rd, and 4th quarter of 2018 including all employees and wage information, signed quarterly State of Hawaii Form UC-B6 (SUTA's) for 2nd, 3rd, and 4th quarter of 2018 including all calculation worksheets, employees and wage information, and 2018 W-2's and W-3 for all employees and wage information.

15. The Corporation's failure to provide business reports could result in the required payment of additional contributions and liquidated damages which it failed to transmit in a timely fashion to Trust Funds for hours worked by its employees and thereby caused damage to Trust Funds in an amount to be proven at trial.

## COUNT II (Contributions)

16. Trust Funds repeat, reallege and incorporate by reference each and every allegation set forth above.

17. By agreeing to abide by such Agreement, Corporation promised to pay to the Trust Funds certain amounts for employee benefits, for work and labor

performed by Corporation covered employees, which amounts would be paid to the Trust Funds on or before the due dates as specified in said Agreement.

18. By said Agreement, Corporation promised to submit timely reports to the Trust Funds regarding hours worked by Corporation's covered employees, which reports would be submitted to the Trust Funds on or before the due dates as specified in said Agreement.

19. By said Agreement, Corporation agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event any monthly contributions were not paid when due, Corporation would pay to each trust fund liquidated damages in the amount of ten percent (10%) of such delinquent and unpaid contributions due to each respective fund for each and every delinquent monthly contribution as provided by said Agreement and not as a penalty.

20. Corporation's obligations to Trust Funds, pursuant to said Agreement, to make contributions, are continuing obligations and Corporation may accrue and owe additional amounts plus liquidated damages and/or interest up to the time of trial or proof.

21. At all times herein mentioned it was, and now is, impracticable and extremely difficult to fix the amount of actual damages to Trust Funds as a result of the non-payment of said contributions. The amounts agreed upon herein, as hereinbefore alleged, as and for liquidated damages, represented and now represent a reasonable endeavor to ascertain and compensate for the damages caused the Trust Funds by the non-payment of said contributions.

22. By said Agreement, Corporation further promised that if it became necessary for Trust Funds to take legal action to enforce payment of contributions and/or liquidated damages from Corporation, Corporation would pay all court and collection costs and reasonable attorney's fees of 25% of the total amount of contributions and liquidated damages due from Corporation. Despite demand, Corporation has failed to pay trust fund contributions and or other amounts owing to Trust Funds under the Agreement.

WHEREFORE, Trust Funds pray as follows:

(1) For declaratory judgment that A's Insulation, Inc. is in breach of the Bargaining Agreement and its obligations under the trust agreements and to order A's Insulation to submit to the Trust Funds a detailed check register for the period March through November 2018, including all payments, complete income statements and balance sheets that includes all cash flow for the period March through November 2018, completed IRS Form 1099's and Form 1096's for 2018, signed quarterly 941's for 2nd, 3rd, and 4th quarter of 2018 including all

employees and wage information, signed quarterly State of Hawaii Form UC-B6 (SUTA's) for 2nd, 3rd, and 4th quarter of 2018 including all calculation worksheets, employees and wage information, and 2018 W-2's and W-3 for all employees and wage information;

(2) If warranted, issue judgment against A'S INSULATION, INC. for outstanding trust fund contributions, interest, and liquidated damages, in an amount to be proven at trial, together with additional damages as may be shown at trial, accrued interest through the date of judgment, attorneys fees and costs; and

(3) Such other relief as the Court deems just and equitable.

DATED: Honolulu, Hawaii, February 21, 2019.

                                     Christin D. W. Kawada
JARED N. KAWASHIMA
CHRISTIN D. W. KAWADA
Attorney for Plaintiffs