IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII INSULATORS SUPPLEMENTAL PENSION TRUST, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> A'S INSULATION, INC., ET AL., <br><br> Defendants. | ) CIVIL NO. 19-00091 ACK-WRP <br> ) <br> ) FINDINGS AND <br> ) RECOMMENDATION TO GRANT <br> ) IN PART AND DENY IN PART <br> ) PLAINTIFFS' MOTION FOR <br> ) ENTRY OF DEFAULT JUDGMENT <br> ) AGAINST DEFENDANT A'S <br> ) INSULATION, INC. <br> ) <br> ) <br> ) |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT
JUDGMENT AGAINST DEFENDANT A'S INSULATION INC.

Before the Court is Plaintiffs' Motion for Entry of Default Judgment against Defendant A's Insulation, Inc.,[1] filed on May 23, 2019 (Motion). ECF No. 12. The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. ECF No. 13.

The Court FINDS AND RECOMMENDS that Plaintiffs' Motion be

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

GRANTED IN PART AND DENIED IN PART.

## BACKGROUND

According to the Complaint, Defendant entered into agreement to contribute and pay to Plaintiffs certain amounts for employee benefits for work performed by Defendant's covered employees and to submit certain paperwork to Plaintiffs so that they could audit the amounts paid by Defendant (Agreement). Id. ¶¶ 6, 9, 17-22. The Agreement required contributions to be paid monthly. Id. ¶ 9, 17. Plaintiffs claim that Defendant failed to submit the required paperwork and failed to make the required contributions during the period of March to November 2018. Id. ¶¶ 11-14. Plaintiffs claim they are entitled to an order directing Defendant to provide certain documentation to Plaintiffs and an award for unpaid contributions, liquidated damages, and attorneys' fees and costs. Id. ¶¶ 16-22.

The Clerk entered default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on April 10, 2019. ECF No. 10. The present Motion followed.

## DISCUSSION

Default judgment may be entered if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]" Fed. R. Civ. P. 55(b)(1), (2). The granting or denial of a motion for default judgment is within the discretion of the court. Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986).

Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).

### A. Jurisdiction

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether it has subject matter jurisdiction over this action and personal jurisdiction over Defendant. See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place."). Here, the Court has subject matter jurisdiction over Plaintiffs' federal claims under the Employee Retirement Income Security Act. See 29 U.S.C. §§ 1401(b)(1). The Court has personal jurisdiction over Defendant because Plaintiffs allege that Defendant is a Hawaii corporation and was personally served through its agent. See ECF No. 7.

### B. Default Judgment Factors

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate. The court should consider the following factors in deciding whether to grant a motion for default judgment:

> (1) the possibility of prejudice to the plaintiff;
> (2) the merits of plaintiff's substantive claim;
> (3) the sufficiency of the complaint;
> (4) the sum of money at stake in the action;
> (5) the possibility of a dispute concerning material facts;

3

> (6) whether the default was due to excusable neglect; and
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Id. at 1471-72 (the Eitel factors).

On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977)).  The allegations as to liability are deemed true, but the plaintiff must establish the relief to which it is entitled.  See Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

### 1. The Possibility of Prejudice to Plaintiffs

The first factor considers whether Plaintiffs would suffer prejudice if default judgment is not entered.  See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Here, absent entry of default judgment, Plaintiffs would be without another recourse for recovery.  Accordingly, the first Eitel factor favors default judgment.

### 2. Merits of Plaintiffs' Substantive Claims

For purposes of liability, the factual allegations in the complaint are taken as true on default.  See TeleVideo Sys., Inc., 826 F.2d at 917-18; Fair Hous.

4

of Marin, 285 F.3d at 906.  Here, the allegations in Plaintiffs' Complaint, taken as true, establish that Plaintiffs are entitled to default judgment against Defendant.

First, Plaintiffs seeks declaratory judgment that Defendant is required to produce certain documentation to Plaintiffs for audit.  ECF No. 1 ¶¶ 9-14.  Plaintiffs allege that the Agreement requires Defendant to submit monthly reports to Plaintiffs regarding its covered employees.  Id. ¶ 9.  Plaintiffs allege that Defendant failed to submit the required documentation during the period of March to November 2018.  Id. ¶¶ 11-14.

Second, Plaintiffs asserts claims for unpaid contributions, liquidated damages, and attorneys' fees owed to Plaintiffs under the terms of the Agreement.  See 29 U.S.C. §§ 1132(a), 1145; ECF No. 1 ¶¶ 16-22.  Plaintiffs allege that the terms of the Agreement require Defendant to pay to Plaintiffs certain contributions based on work performed by Defendant's covered employees.  ECF No. 1 ¶¶ 17.  Plaintiffs allege that the terms of the Agreement also provide that if Defendant fails to pay the required contributions, Defendant is required to pay liquidated damages and attorneys' fees and costs.  Id. ¶¶ 19-22.

After considering the allegations in the Complaint, this factor weighs in favor of default judgment because the allegations, taken as true, are more than sufficient to establish Plaintiffs' claims.

### 3. Sufficiency of the Complaint

The allegations in the Complaint are sufficiently pled and supported

by the documents filed with the Complaint and the Motion.  The Court finds that the sufficiency of the Complaint weighs in favor of default judgment.

### 4. Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472).  Here, in addition to declaratory relief, Plaintiffs seek $9,252.50 in unpaid contributions, $925.27 for liquidated damages, and $3,115.79 in attorneys' fees and costs.  ECF No. 12-1 at 11-12.  Plaintiffs' damages request is tailored to Defendant's specific wrongful conduct in failing to provide the required documentation and to pay the required contributions.  The Court finds that this factor too weighs in favor of default judgment.

### 5. Possibility of Dispute Concerning Material Facts

The well-pled factual allegations of the Complaint, except those relating to the amount of damages, will be taken as true. TeleVideo Sys., Inc., 826 F.2d at 917-18.  Defendant has been given a fair opportunity to defend this action and has not done so.  Because no dispute has been raised regarding Plaintiffs' material factual allegations, this factor favors default judgment.

### 6. Whether Default was Due to Excusable Neglect

The Court finds that Defendant's default was not the result of excusable neglect.  Defendant's default was not the result of any excusable neglect, but rather due to its conscious and willful decision not to defend this action.

Defendant failed to defend this action and default was entered against it. See ECF No. 10. This factor too favors default judgment.

### 7. Policy Favoring Decisions on the Merits

Defendant's default renders a decision on the merits impractical, if not impossible. Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive"). Here, Defendant has failed to defend this action and has consequently rendered adjudication on the merits before this Court impracticable. This factor does not preclude the Court from entering default judgment against Defendant.

### 8. Totality of Eitel Factors

The Court finds that the totality of the Eitel factors weighs in favor of entering default judgment in Plaintiffs' favor and against Defendant.

### C. Remedies

Although Defendant's default establishes its liability, it does not establish all relief to which Plaintiffs are entitled. See Fair Hous. of Marin, 285 F.3d at 906. Plaintiffs must provide evidence to support their requested relief and that relief "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

Plaintiffs request declaratory relief as well as the following monetary damages: $9,252.50 in unpaid contributions, $925.27 for liquidated damages, and $3,115.79 in attorneys' fees and costs. ECF No. 12-1 at 11-12. Each category of requested relief is addressed below.

### 1. Declaratory Relief

Plaintiffs request an order directing Defendant to submit certain documentation to Plaintiffs related to Defendant's failure to provide required monthly reports in 2018 so that Plaintiffs can complete their audit of Defendant's contributions. ECF No. 12-1 at 4-7. Plaintiffs attached a copy of its Written Collection Procedures, which establishes a protocol for the reporting of monthly contributions required by the Agreement and also establishes a policy for periodic auditing of Defendant's payroll and business records to determine the accuracy of Defendant's monthly reports. ECF No. 12-5. In support of its request for declaratory relief, Plaintiffs submitted the declaration of Troy Tonini, an employee of the company hired to serve as the Administrator for the Hawaii Insulators Trust Funds. ECF No. 12-3. The Administrator conducted a routine audit in 2018 and determined that Defendant did not submit reports for March through November 2018. Id. ¶¶ 3-4. Although Defendant stated that no hours were worked for that time period, the audit determined that hours were worked for three of the weeks at issue. Id. ¶ 5. Because the audit determined that hours were worked during three of the weeks at issue, the Administrator must verify through Defendant's business

8

records whether any additional hours were worked during the remaining time period.  Id. ¶¶ 6-7.  Defendant has refused to provide documents necessary to complete the audit to the Administrator.  Id. ¶ 8.

Plaintiffs ask the Court for an order directing Defendant to submit the documentation requested by the Administrator including: (a) 03/2018 and 09/2018 bank statements for the FHB account ending #7223, including a detailed statement of all transactions, dates, check numbers, amounts, names, direct deposits, etc.; (b) an explanation of why the account names and amounts are stated differently on Profit & Loss Report ran on 3/1/19 compared to the Profit & Loss Report ran on 3/15/19; (c) documentation or receipts verifying certain payments to employees were made for reimbursement of expenses and not wages or other compensation for work performed; (d) confirmation that the 2018 941's were filed with the Internal Revenue Service and if /when payment was made; (e) copies of the completed and signed State of Hawaii Form UC-B6 and W-3 for 2018; and (f) copies of the ADP Check Voucher for pay period ending 12/22/18.  Id. ¶ 8.  Based on the documents and declarations submitted in support of the Motion, the Court finds Plaintiffs have established that they are entitled to declaratory judgment as requested.

### 2.  Delinquent Contributions

Plaintiffs contend that Defendant owes delinquent contributions in the amount of $9,252.50.  Plaintiffs submitted a summary ledger reflecting the

9

balances due.  See ECF No. 12-7.  The summary submitted by Plaintiffs reflect $9,252.50 in outstanding contributions for the relevant time period in 2018.  Id.  The Court finds Plaintiffs have established damages in the amount of $9,252.50 for delinquent contributions.

### 3. Liquidated Damages

Plaintiffs next seek liquidated damages of $925.27.  The summary submitted by Plaintiffs reflects $925.27 owed in liquidated damages.  ECF No. 12-7.  The Court finds Plaintiffs have established damages in the amount of $925.27 for liquidated damages.

### 4. Attorneys' Fees and Costs

An award of reasonable attorneys' fees and costs is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. § 1132(g) and § 1145.  The Agreement requires Defendant to pay "for all auditor's fees and costs, court costs, and reasonable attorney's fees of 25% of the total amount of contributions and damages due."  ECF No. 12-4 at 31.  The Written Collection Procedures further provides that if the Trust Funds are required to commence legal action and/or obtain a judgment against an employer, the employer may be subject to attorney's fees/costs (up to 25% of the total amount of contributions and damages due)."  ECF No. 12-5 at 5.  Plaintiffs' counsel submitted timesheets reflecting that attorneys' fees in excess of $3,000 have been incurred in this action.  See ECF Nos. 12-8, 12-9.  Plaintiffs request their attorneys' fees capped at 25% of

the total amount of unpaid contributions and liquidated damages but appear to argue that they are entitled to an award of additional costs above that amount. See ECF No. 12-1 at 9. The Written Collection Procedures state that "attorney's fees/costs" are both capped at 25% of the total amount of damages due. See ECF No. 12-5. Accordingly, the Court finds that Plaintiffs are entitled to an award of $2,544.44 in attorneys' fees and costs, which is 25% of the total amount of contributions and liquidated damages due.

## CONCLUSION

The Court FINDS and RECOMMENDS that Plaintiffs' Motion for Entry of Default Judgment against Defendant A's Insulation, Inc. be GRANTED IN PART AND DENIED IN PART as follows:

(1) The district court GRANT Plaintiffs' request for default judgment against A's Insulation, Inc.;

(2) The district court ORDER A's Insultation, Inc. to submit the following documentation to Plaintiffs: (a) 03/2018 and 09/2018 bank statements for the FHB account ending #7223, including a detailed statement of all transactions, dates, check numbers, amounts, names, direct deposits, etc.; (b) an explanation of why the account names and amounts are stated differently on Profit & Loss Report ran on 3/1/19 compared to the Profit & Loss Report ran on 3/15/19; (c) documentation or receipts verifying certain payments to employees were made for reimbursement of expenses and not wages or other compensation for work

11

performed; (d) confirmation that the 2018 941's were filed with the Internal Revenue Service and if /when payment was made; (e) copies of the completed and signed State of Hawaii Form UC-B6 and W-3 for 2018; (f) copies of the ADP Check Voucher for pay period ending 12/22/18.; and

(3) The district court AWARD Plaintiffs damages in the amount of $9,252.50 for unpaid contributions, $925.27 for liquidated damages, and $2,544.44 in attorneys' fees and costs against A's Insulation, Inc.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JULY 2, 2019.



Wes Reber Porter
United States Magistrate Judge

**HAWAII INSULATORS SUPPLEMENTAL PENSION TRUST, ET AL. v. A'S INSULTATION, INC., ET AL.; CIVIL NO. 19-00091 ACK-WRP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT A'S INSULATION, INC.**